Proceed to the next case on the oral argument calendar, which is Osorio Herrera v. Garland. Your Honor, my name is Luther Snavely from the law firm of Resitari and Associates, and I'm here on behalf of the petitioners. May it please the Court? Your Honor, the harm which Osorio suffered rises to the level of persecution. The murder of her husband, Mr. Mendoza, wasn't just harm to him. It also constituted harm to Osorio and the children. Subsequently, the cartel directly threatened to kill Osorio and the children, and then the police directly threatened to kill her. Threats can rise to the level of persecution if accompanied by evidence of violent confrontation. And here, the fact that the killers actually carried out a murder of Osorio's husband makes their subsequent direct threats to kill her a thousand times more credible and immediate. And when you consider who is doing the threatening and the brazen demonstration that they are ready, willing, and able to actually carry out their threats of murder, those threats of murder combined with the actual murder of Osorio's husband rises to the level of persecution. Osorio's familial relationship with Mendoza was at least one central reason for the harm she received. The only reason that the cartel and the police were making threats against Osorio to attempt to cover their tracks was because she was married to Mendoza and they were living together as husband and wife. She didn't actually see the murder. This was not a case of a criminal attempting to intimidate a witness, because she really wasn't a witness. Instead, the criminals threatened to kill her because she was living with Mendoza, sleeping with him, talking with him, sharing meals with him, seeing everything that was going on with him as a wife does. It seems to me the crux of the case is the nexus issue. And it's clear that the family suffered all these things, being shot up, the husband murdered, et cetera. But under the LEA case or matter of LEA, they set out the need for a nexus in these family cases. And the BIA said there could be other reasons, you know, in terms of are they really trying to go after her because they want to cover up the murder as opposed to going after her because she's a member of the family, and then they have several other reasons. So because this matter of LEA has been adopted by a number of other circuits and nobody's rejected it, can you tell us how your case fits in the LEA construct? Well, I believe that she is, that Osorio is being persecuted here because she was essentially acting as an immediate relative as a wife would. If any wife's husband was murdered, she would want to know what happened. She would go to the police and tell them who she saw him with last was. The only reason they were threatening her to cover up their tracks is because she is married to him, and she was acting as a woman who was married to him. And so I think that's why it fits within the construct. They're persecuting her because she is his wife and acting as his wife. So how does Mendoza's family relationships and his wife, how does his involvement with the Mexican mafia impact the nexus evaluation? Well, she wasn't involved at that end at all. She was an observer. She was there in the home observing that he was bringing home large sums of money, that strange men were coming to the house with guns, that for some odd reason there was Sanguelica wood piled up on the premises. And so why would they threaten her with death? Because she knew about all of that, and her being his wife put her in a position to know all of that and to want a resolution to his death, want to know what happened. And that's why she was being persecuted on account of her family relationship to Mendoza. Well, see, the difficulty is, I think, BIA and the precedent is trying to figure out just saying you're a member of the family and then something bad happens to another member of your family is not enough. You need to show that it's because of the family relationship, not just the mere fact of being in the family or having even witnessed what happened. So it is a certain amount of circularity once they recognize the family unit as a recognizable social group. But the way you've argued it, and I hear it, is that simply because she was the wife and because he was killed, because she knew about those circumstances, that that's enough to show the nexus. Is that a fair statement of what your argument is? Because she was so ensconced in the home as his wife, I suppose you could have a situation where someone is so enmeshed and ensconced in that home environment, even if they aren't related by blood or by marriage, where they might be constructively considered to be part of the family. But that isn't the case here. Here she was married to him and functioning in every way as his wife. And she wasn't a girlfriend. And because of that, the police and the cartel, who at least when it comes to the Sangueliqua trade in Mexico, seem to be in partnership in this criminal enterprise, regard her as a loose end. May I reserve the balance of my time, Your Honor? Of course. We'll hear from the government. Yes, Your Honors. Thank you. My name is Marie Robinson for the Attorney General of the United States. I'll just address the nexus issue. The agency here found that any of the harm that the petitioner suffered or feared was not motivated by any protected ground, and substantial evidence supports that conclusion. As Your Honors noted, relied primarily on the fact that the motive here was general criminality. So it was sort of covering up involvement either in crime or in murder. And any interest in Ms. Herrera was more so that she was the last person to see her husband alive. So there was no record of any familial relationship that she had to Mr. Juan. There was never any mention of her relationship to him. It was only knowing the events to date and which are separate matters. And frankly, this was the fact that she identified someone who later had to be released due to a lack of evidence. But it does not defy rationality to assume that this person would perhaps have been angry with anyone who identified him, regardless of their family membership. I would just point out that the fact that Mr. Juan's parents and his nine siblings continue to reside unharmed in Mexico is further evidence that any familial relationship to him was not what motivated any of these people. How do you uncouple the fact that, you know, her house is shut up, the husband's murdered, I think the brother-in-law was shot, all of that relates to her familial relationship. And so to decouple it and say, well, she just became a witness, not a family member, well, they wouldn't have gone after her but for the family relationship, given the reality of the house and the location and living with him. So I'm not sure that it's enough to simply say, well, there could be other reasons they went after her. Well, so, Your Honor, I would just say that, as this Court is well aware, it's a question of substantial evidence. And the record doesn't compel the conclusion. The immigration judge here found that the motivation of the mafia was in their own crimes and potentially retaliation or revenge because she identified someone. So this does not compel the conclusion. The board in matter of LEA in 2017 said that Nexus is not established simply because a group exists there that we're considering family and its members experience harm. And Ms. Herrera was the last person to see her husband alive. And she is the person who identified him. So the interest here appears to have been family and membership. I apologize, Your Honor. Would you like me to repeat? Just if you would. It's not your fault. It's technology. I appreciate that, Your Honor. So I believe what I was saying, and I apologize if this is repetitive, but the immigration judge here found that the motive on the part of the mafia was covering up criminality or potentially retaliation or revenge because Ms. Herrera identified one of their members to the police. And that any motivation that the police had was in investigating the murder, potentially investigating her husband's criminality. If the motive is family membership, the immigration judge concluded that was not a reason, that the motive here was the mafia-related crime. Wasn't that fairly speculative on the IJ's part? I didn't see any testimony to that effect. I'm sorry, Your Honor. Can you clarify what was speculated? Well, for example, the IJ says that the family was targeted for personal revenge  So is there any evidence in the record concerning the motivation? You're referring to Cheche, Your Honor? Yes. Yes, Your Honor. So my understanding is that he did not say anything to Ms. Herrera. The police arrested and questioned him after she identified him as a suspect. They did not have enough evidence to hold him. After he was released, then she reported that he began driving by slowly. I believe that was in her declaration. And she observed other cars as well. So the immigration judge here made the finding a fact that Cheche was. . . Well, he made the finding. It isn't really a factual finding. He just said he seemed to be motivated by personal revenge. And all we have in the record is what happened. Yes, Your Honor. But I would say that the record does support that conclusion. You have. . . And Ms. Herrera's daughter actually testified that her concern for her mother was based on the fact that she was the last person to see her. You also do have some of the warnings about the continued investigation and the police asking about it, which does tend to show that the motivation was the investigation itself. Okay. Anything else? If I can just briefly address the past persecution issue, Your Honor. Sure. I would just note that violence directed against family members provides support if it's directed against the applicant. But I would say in this case, the things that happened beforehand were not specifically directed at her. They were directed at her husband. Okay. Thank you. We'll hear rebuttal. Your Honor, first I'd like to point out that for withholding of removal, that only requires that the particular social group be a reason for the persecution, not that it be a central reason. Also, the IJ did determine that Osorio's fear of future harm is not objectively reasonable because both Mendoza's parents and her parents remain in Mexico unharmed. However, these parents are not similarly situated to Osorio. Osorio was targeted for persecution because she was living with Mendoza as his wife and being a wife to him. None of these other relatives had access to Mendoza in that way, and none of them knew what Osorio knew about him. Therefore, the fact that the cartel and the police have not harmed these other relatives doesn't prove anything because they're not similarly situated. Also, I'd like to reiterate that we have a direct threat from the police themselves to murder Osorio in the record, and that's at page 152. If Your Honors don't have any further questions, I'll submit it. Thank you both for your arguments this morning. The case just argued will be submitted for decision.
judges: THOMAS, McKEOWN, Molloy